Dear Mr. Aucoin:
You ask this office to advise whether state law permits or prohibits one from holding the elected position of St. Mary Parish President and the position of utility director of Morgan City.
R.S. 42:63(D) of the Louisiana Dual Officeholding and Dual Employment Law states in pertinent part:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. (Emphasis added).
R.S. 42:63(D) quoted above prohibits one from holding local elective office and full-time appointive office in any political subdivision of the state. The position of St. Mary Parish President is filled by the vote of the citizens of the parish pursuant to Section 3-02 of Article III of the St. Mary Parish Home Rule Charter, providing:
 Section 3-02. Election, Term.
 The president shall be elected at large from and by the qualified electors of the Parish according to the election laws of the state for a four (4) year term. A person who has served as president for more than one and one-half terms in two consecutive terms shall not be elected president for the succeeding term.
The dual officeholding laws define "appointive office" in R.S.42:62(2) as follows:
 (2) "Appointive office" means any office in any branch of government or other position on an agency, board, or commission or any executive office of any agency, board, commission, or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public offical or by a governmental body composed of such officials of this state or of a political subdivision thereof.
Further, full-time is defined in R.S. 42:62(4) stating:
 (4) "Full-time" means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work.
The position of director of the Morgan City utilities department is an appointive office because it is specifically established in the Morgan City Home Rule Charter in Sec 4-06 of Article IV, providing:
 Sec. 4-06 Utilities Department.
 (a) The utilities department shall be headed by the director of utilities.
 (b) The director of utilities shall direct and be responsible for:
 (1) Engineering services for utilities
 (2) Generation, transmission and distribution of electricity.
 (3) Operation of the water system
 (4) Distribution of water.
 (5) Distribution of natural gas.
 (6) Maintenance and operation of utility plants.
 (7) Other such activities as may be directed by the mayor.
The utilities director is appointed by the mayor, subject to council approval, and serves at the pleasure of the mayor. Section 4-01 of Article IV of the Morgan City Home Rule Charter states in pertinent part:
 Sec. 4-01 General provisions.
 (a) Operating rules and regulations prepared by the mayor and the departments, offices and agencies under his jurisdiction shall, upon approval of the mayor, be filed in the office of the clerk of the council Such rules and regulations shall be codified, indexed and bound and shall be available to the public at the cost of reproduction.
 (b) Except as otherwise provided by this Charter, all departments, offices and agencies of the city and all employees thereof shall be under the direction and supervision of the mayor. The mayor shall have the authority, subject to council approval, to appoint all directors of departments in the executive branch created by this Charter. Except as otherwise provided in this Charter, all department directors and the chief administrative officer shall be appointed by the mayor, subject to council approval, and serve at the pleasure of the mayor. A mayor elected to more than one (1) term shall submit the names of all department directors and the chief administrative officer to the council for approval at the beginning of each term. (Emphasis added).
If the appointive office is held on a part-time basis, the prohibition of R.S. 42:63(D) becomes inapplicable. This provision does not prohibit one from holding local elective office and part-time appointive office, as defined by R.S. 42:62(5):
 (3) "Part time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is les than the number of hours of work defined in this Section as full time.
In 1991 this office released Attorney General Opinion 91-458 to Mr. William Cefalu in which the author concluded that an employee of the utilities department could hold employment with the city while holding an elective office of the parish council. As noted above, the facts herein contemplate that Mr. Cefalu would become an appointed officer of the utilities department versus his original status as employee of the utilities department. The opinion is distinguishable in that R.S. 42:63(D) does not prohibit one from holding employment and local elective office in separate political subdivisions [(i.e., the parish and the municipality, see R.S. 42:62(9)]; however, R.S. 42:63(D) does prohibit one from holding full-time appointive office and local elective office.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: __________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL